Following a bench trial in the District Court, the defendant, Corey Benoit, was convicted of assault and battery on a family or household member. He appeals, claiming that the Commonwealth presented insufficient evidence, specifically by failing to disprove that he acted in self-defense. We affirm.
Background. The judge could have found the following facts. On August 2, 2015, the defendant hosted a party at his home. At approximately 2:00 A.M. , the defendant pushed his girl friend into a wall, causing her to fall to the ground.[2] One witness, Jason Gallop, heard the defendant say, "You bit my lip." Gallop described the defendant's demeanor as agitated. Gallop did not see the victim do anything to the defendant; he saw the defendant push the victim away from him and into the wall. Another witness, Ryan Fogarty, approached the defendant in an effort to calm him down as the defendant was agitated. The defendant showed Gallop his lip, which was cut and bleeding. The defendant struggled with Gallop and Fogarty, and punched holes into walls. It took twenty-five to thirty minutes to subdue the defendant. The victim had bruising and scrapes on her face and jaw as well as a knot on her mid-clavicular.[3] The victim was stabilized with a sling at the scene and transported to the hospital.
Sufficiency of the evidence. We review a claim of sufficiency of the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). To sustain a conviction for assault and battery on a household member, the Commonwealth must prove that the defendant touched the victim without having any right to do so; that the defendant intended to touch the victim; that the touching was either likely to cause bodily harm, or was offensive and was done without her consent; and that they were family or household members. See G. L. c. 265, § 13M ; Commonwealth v. Dustin, 476 Mass. 1003, 1004 (2016). Here, the defendant pushed the victim, his girl friend, into a wall which caused her to fall to the ground. The defendant contests only the sufficiency of the evidence that he did not act in self-defense.
In order to determine whether the defendant is entitled to a self-defense instruction, we view the evidence in the light most favorable to the defendant.[4] See Commonwealth v. McAfee, 430 Mass. 483, 495-496 (1999). If the evidence is sufficient to raise self-defense, the Commonwealth then has the burden to disprove it, beyond a reasonable doubt. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 496. On appeal, we review the evidence in the light most favorable to the Commonwealth to determine whether it met its burden of disproving the defense. See ibid.[5]
Here, viewing the evidence in the light most favorable to the Commonwealth, the Commonwealth proved, beyond a reasonable doubt, that the defendant used more force to defend himself than was reasonably necessary in the circumstances. See Commonwealth v. King, 460 Mass. 80, 83 (2011) ; Criminal Model Jury Instructions for Use in the District Court 9.260 (2009). Two independent witnesses saw the defendant push the victim into the wall. The victim was much smaller than the defendant and could easily have suffered injury from being pushed into a wall. Both witnesses described the defendant as highly agitated, and they struggled with the defendant for a protracted amount of time to subdue him. This evidence permitted the judge to reject the defendant's claim of self-defense and find that he used more force than was necessary. In so finding, the judge was not required to credit the defendant's testimony. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 89. He also is presumed to correctly apply legal principles. See also Commonwealth v. Kearns, 449 Mass. 641, 655 (2007).
The defendant also claims that the judge erred in finding that he retaliated against the victim and that there was insufficient evidence to support that finding. This claim fails as the judge did not find that the defendant retaliated against the victim. To be sure, the judge, prior to closing arguments, read Model Jury Instruction 9.260, supplemental instruction no. 4 under self-defense, and asked the parties to address it in their closing arguments. The defendant argued that he did not retaliate against the victim for the bite, but rather, he acted in self-defense "when [the victim] came back at him." The Commonwealth argued that the defendant had "used more force than necessary under the circumstances" and that "there were other alternatives available to him." Showing retaliation is only one of multiple ways the Commonwealth can disprove a claim of self-defense, and it was not the one relied upon by the Commonwealth in this case. In announcing his finding, the judge stated that the Commonwealth had proved its case beyond a reasonable doubt and that the defendant "did not act in self-defense." Contrary to the defendant's representation, the judge did not find that the defendant acted in retaliation.
Judgment affirmed.

The victim did not testify at the trial, having invoked her privilege against self-incrimination.

The victim was five feet one inch tall and weighed 105 pounds. The defendant was over six feet tall and weighed 200 pounds.

The defendant testified that there was a struggle over a remote control and that the victim bit his lip when he reached to grab for the remote. He testified that the victim was "coming towards" him and that he was "gonna fucking stand his ground," so he pushed her away.

The Commonwealth must prove one of the following beyond a reasonable doubt: that the defendant (1) did not reasonably believe he was being attacked or immediately about to be attacked, and that his safety was in immediate danger; or (2) did not do everything reasonable in the circumstances to avoid physical combat before resorting to force; or (3) used more force to defend himself than was reasonably necessary in the circumstances. See Commonwealth v. King, 460 Mass. 80, 83 (2011).